UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-21862-GAYLES/OTAZO-REYES

TYRONE WHITE,
          Plaintiff,

v.

MIAMI-DADE COUNTY,
and J.D. PATTERSON,
          Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court Defendant J.D. Patterson's Motion to Dismiss Plaintiff's Second Amended Complaint. [ECF No. 25]. The Court has carefully considered the record and the applicable law and is otherwise fully advised. For the reasons that follow, J.D. Patterson's ("Patterson") Motion is denied.

**I.   BACKGROUND**

According to the allegations in the Complaint, Plaintiff is an African-American male over the age of 50. [ECF No. 24 at ¶¶ 3, 15]. Plaintiff was a police officer with the Miami-Dade Police Department ("MDPD") for thirty-three years. *Id.* at ¶¶ 16–17. On September 26, 2011, the County initiated an internal affairs investigation ("IA Investigation") into Plaintiff for illegally depositing two checks received from the Miami Dolphins into a Dade County Federal Credit Union account. *Id.* at ¶¶ 33–34. On October 20, 2011, Plaintiff was demoted from Police Major to Police Captain. *Id.* at ¶ 40. In May of 2012, the Miami-Dade County State Attorney's Office filed a "Close Out Memo" concluding that Plaintiff had not committed any crimes and did not bring any criminal charges against Plaintiff. *Id.* at ¶ 42. Plaintiff was not reinstated as Police Major. *Id.* at ¶ 44. On June

8, 2012, Plaintiff anonymously, through a local news reporter, submitted a letter complaining about issues relating to the Police Officer's Athletic Trust's ("POAT") personnel to an online blog. *Id.* at ¶¶ 47–48. This letter was also sent to the Miami-Dade County Office of the Inspector General ("OIG") and the Miami-Dade County Mayor and his Chief of Staff. *Id.* at ¶ 49. Plaintiff informed Patterson—then a Director at MDPD— that Plaintiff was the author of the letter. *Id.* at ¶ 52. On June 13, 2012, the OIG informed James Loftus—also a MDPD Director—of a complaint filed [against the POAT] and attached Plaintiff's letter. *Id.* at ¶ 54.

On November 20, 2012, the IA investigation against Plaintiff was completed and forwarded to the MDPD Disposition Panel (the "Panel"). *Id.* at ¶ 59. The Panel sustained five violations against Plaintiff. *Id.* at ¶ 60. On April 22, 2013, the MDPD issued a Disciplinary Action Report ("DAR") relating to the violations sustained by the Panel. *Id.* at ¶ 63. Plaintiff responded to the DAR and disputed the findings of the IA investigation and requested a pre-determination meeting with Patterson. *Id.* at ¶ 64. The parties were not able to reach a settlement, and on August 29, 2013, Patterson terminated Plaintiff based on the 2011 IA investigation against him. *Id.* at ¶¶ 40, 67. Plaintiff contested the termination and requested a binding arbitration hearing. *Id.* at ¶ 69. The arbitrator ruled in favor of Plaintiff and awarded immediate reinstatement to the rank of Captain, backpay, and restoration of benefits. *Id.* at ¶ 71. Since his reinstatement as Captain, Plaintiff has applied four times to the position of Police Division Chief; he was only interviewed once in connection with those applications. *Id.* at ¶ 73. On December 24, 2014, Plaintiff applied for Division Police Chief; Patterson ultimately awarded the position to a Caucasian officer younger than Plaintiff. *Id.* at ¶ 75. Plaintiff filed the original action in state court on December 27, 2017, naming only Miami-Dade County and James Loftus. Defendant Miami-Dade County removed the action on May 9, 2018. [ECF No. 1]. On August 3, 2018, Plaintiff filed his Second Amended Complaint replacing Loftus

with Patterson as defendant. [ECF No. 24]. Plaintiff's Second Amended Complaint brings two counts against Patterson individually for discrimination (Count IX) and retaliation (Count X) in violation of 42 U.S.C. § 1983. Patterson moved to dismiss the counts against him. [ECF No. 25].

## II.  LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## III.  DISCUSSION

### A.  The Second Amended Complaint is not a Shotgun Pleading

Patterson moves to dismiss the counts against him as improper shotgun pleadings. [ECF No. 25 at 5]. "A shotgun pleading is commonly characterized by a plaintiff's incorporation of previous counts' allegations, by reference, and results in superfluous information in several counts." *Perricone v. Carnival Corporation*, No. 15-cv-20309-DPG, 2016 WL 1161214, *3 (S.D.

3

Fla. Mar. 24, 2016). Plaintiff's Second Amended Complaint does not suffer this fault. In addition to incorporating all general allegations, Plaintiff also references and incorporates the specific factual allegations necessary to state his claims. The Court finds that Plaintiff has sufficiently alleged his causes of action against Patterson for discrimination and retaliation in violation of section 1983.

B. The Claims are not Clearly Barred by the Statute of Limitations

Patterson argues that Counts IX and X are clearly barred by the four-year statute of limitations applicable to section 1983 claims in Florida.[1] [ECF No. 25 at 3]. The Court disagrees. Where the "allegations [of the Complaint], on their face, show that an affirmative defense bars recovery on the claim," dismissal is appropriate under Rule 12(b)(6). *Cotton v. Jenne*, 326 F. 3d 1352, 1357 (11th Cir. 2003). However, "where the alleged failure to comply with the statute of limitations does not appear on the face of the complaint" the issue may be raised by motion for summary judgment. *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). On the record before it, the Court cannot find that Plaintiff's claims are clearly barred by the statute of limitations. Should further investigation into the merits of Plaintiff's claims reveal that those claims are time-barred, Patterson may raise the issue again on summary judgment.

C. Patterson is not Entitled to Qualified Immunity

Patterson also moves to dismiss all federal claims against him on the basis of qualified immunity. "Because qualified immunity is a defense not only from liability, but also from suit, it is important for a court to ascertain the validity of a qualified immunity defense as early in the

---

[1] Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Section 1983 does not have its own statute of limitations. Rather, district courts apply the statute of limitations from the equivalent state statute. *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S. Ct. 1938, 85 L.Ed.2d 254 (1985). For civil rights claims, the statute of limitations is the state limitations period for personal-injury torts. *Wallace v. Kato,* 548 U.S. 384, 387 (2007). In Florida, the statute of limitations for personal injury claims is four years. *See* Fla. Stat. Ann. § 95.11(3); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n. 2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years.").

lawsuit as possible." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citation and internal quotation marks omitted).

"Qualified immunity shields government officials from liability for civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." *Stephens v. DeGiovanni*, 852 F.3d 1298, 1314 (11th Cir. 2017) (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008)). "Defendants are entitled to qualified immunity in a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege facts that would show a violation of a clearly established constitutional right." *Williams v. Florida Atlantic University*, No. 15-cv-60621-DPG, 2016 WL 1089423, *6 (S.D. Fla. Mar. 21, 2016). The right to be free from race and age discrimination in the workplace is a clearly established right under Title VII, the Fourteenth Amendment, and the Florida Civil Rights Act. *Id.* at *3. Similarly, "Title VII prohibits retaliation against an employee who has opposed an unlawful employment practice." *Id.* at *6. Each of these rights was a clearly established right at the time Patterson made any employment decisions regarding Plaintiff. The Court finds that Plaintiff has sufficiently alleged facts that show a violation of his clearly established constitutional rights.

**IV.   CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant J.D. Patterson's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 25] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of March, 2019.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

5